# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE K. BLUM,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. C 06-3029-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

      This action for judicial review of an administrative decision denying the plaintiff's claim for Social Security disability insurance benefits comes before the court pursuant to the May 23, 2007, Report and Recommendation (docket no. 12) by Chief United States Magistrate Judge Paul A. Zoss. In that Report and Recommendation, Judge Zoss concluded that this matter should be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). More specifically, Judge Zoss recommended that, upon remand, the Commissioner should be directed to develop the record more fully and fairly by including in plaintiff Blum's residual functional capacity assessment, and in hypothetical questions to a vocational expert, the fact that Blum must change positions frequently from sitting to standing; by obtaining additional medical evidence from Dr. Mahoney regarding the basis for his evaluation of Blum's work-related limitations; and by considering the January 2006 work evaluation and other appropriate evidence. Neither party filed any objections to the Report and Recommendation. Unfortunately, owing to an oversight, the court did not make a timely review of the Report and Recommendation. The court will remedy that oversight now.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

In this case, no party made any timely objections to the May 23, 2007, Report and Recommendation, and the deadline for any such objections is now long expired. Therefore, the court will apply only "plain error" review. *Id.* The court finds no "plain error" in Judge Zoss's conclusions that this matter should be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

THEREFORE, the May 23, 2007, Report and Recommendation (docket no. 12) by Chief United States Magistrate Judge Paul A. Zoss is **accepted**, and this matter is,

2

consequently, **remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).** More specifically, upon remand, the Commissioner is directed to develop the record more fully and fairly by including in plaintiff Blum's residual functional capacity assessment, and in hypothetical questions to a vocational expert, the fact that Blum must change positions frequently from sitting to standing; by obtaining additional medical evidence from Dr. Mahoney regarding the basis for his evaluation of Blum's work-related limitations; and by considering the January 2006 work evaluation and other appropriate evidence.

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2007.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA