# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE BLUM,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C 06-3029-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

_____

This matter comes before the court pursuant to plaintiff Christine Blum's December 17, 2007, Application for Attorney Fees Under the Equal Access to Justice Act (EAJA). Dkt. # 15. Blum applied for disability insurance benefits in April of 2003. The Commissioner ultimately denied her benefits in March of 2006. Blum timely appealed the adverse agency action to this court, and on September 19, 2007, the court accepted Chief Magistrate Judge Paul Zoss's report and recommendation that the Commissioner's decision be reversed and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. ## 12, 13.

The current application requests attorney fees in the amount of $3,663.99 to be paid by the Social Security Administration (SSA) and that the check be sent to Blum's attorney. Blum's application further requests $350.00 to be paid out of the Judgment Fund administered by the Department of the Treasury to reimburse Blum for her filing fee. The Commissioner does not object, although he emphasizes that the filing fee should be paid out of the Judgment Fund. Dkt. # 16.

Reasonable attorney fees may be awarded under the EAJA, 28 U.S.C. § 2412, to plaintiffs who prevail in social security cases. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (allowing an attorney fee award under 28 U.S.C. § 2412). The statute provides:

> (b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses* of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (emphasis added). A "prevailing party" is entitled to reasonable attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. § 2412(d)(1)(A). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances," *see Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"), but it has specifically addressed, many times, when a position is substantially justified, *see, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003) (holding the Commissioner's position was not substantially justified).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as

2

> the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))).

If fees are appropriate, the reasonable hourly rate for such attorney fees are established by statute:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (quoting the statute, which then provided for a maximum hourly rate of $75). Section 2412 also provides that "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4).

Filing fees may also be awarded under the EAJA, 28 U.S.C. § 2412, to plaintiffs who prevail in social security cases. Section 2412 provides:

> (a)(1) Except as otherwise specifically provided by statute, a *judgment for costs*, as enumerated in section 1920 of this title,

3

> but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any agency official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

*Id.* § 2412(a)(1) (emphasis added). Section 1920 of Title 28 to the United States Code provides "[f]ees of the clerk," which include filing fees, may be "tax[ed] as costs." *Id.* § 1920(1). Section 2412, however, does not provide for the payment of these costs in the same manner as the payment of attorney fees. *Compare id.* § 2412(c)(1) (discussing the payment of a judgment for costs), *with id.* § 2412(c)(2) (discussing the payment of a final judgment for an award of fees and expenses). Paragraph (4) of subsection (d) only provides for the payment of "fees *and other expenses*," *id.* § 2412(d)(4) (emphasis added), but "other expenses" apparently does not include filing fees, or "costs awarded pursuant to subsection (a)," *see id.* § 2412(d)(1)(A) (stating "a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a)."). Section 1304 of Title 31 to the United States Code, however, provides a fund out of which these costs can be paid. 31 U.S.C. § 1304(a)(1) ("Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when . . . (1) the payment is not otherwise provided for . . . .").

The court finds that the plaintiff is a "prevailing party," and that the Commissioner, by not objecting to the plaintiff's motion, has not met his burden of establishing either "substantial[] justifi[cation]" or "special circumstances" to preclude an award of

4

reasonable fees. *Id*. § 2412(d)(1)(A). Moreover, the parties agree, and after review the court finds, that a total fee of $3,663.99 "reasonably and adequately accounts for the attorney's court-related services," *Stockton*, 36 F.3d at 50, and that $350.00 should be paid to reimburse Blum for her filing fee. Finally, the court finds said fees and costs shall be paid as requested by Blum.

**THEREFORE**, Blum's Application for Attorney Fees is **granted**, and the court **awards attorney fees in the amount of $3,663.99** to be paid by the Social Security Administration, pursuant to 28 U.S.C. § 2412, and that the check be mailed to Blum's attorney. In addition, the court **awards costs of $350.00, representing the filing fee**, to be paid out of the Judgment Fund administered by the Department of the Treasury, pursuant to 28 U.S.C. § 2412 and 31 U.S.C. § 1304.

**IT IS SO ORDERED.**

**DATED** this 31st day of December, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA